UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| In Re: | **Chapter 7** |
| **ESTELLA BRIZINOVA and** | **Case No. 12-42935 (ESS)** |
| **EDWARD SOSHKIN a/k/a** | |
| **EDUARD SOSHKIN**, | |
| Debtors. | |

-----------------------------------------------------------

**APPLICATION FOR ORDER TO RETAIN ATTORNEY FOR TRUSTEE**

The Application of ROBERT L. GELTZER, ESQ. respectfully represents and alleges that:

1. On April 24, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about April 24, 2012, Applicant was appointed Trustee for the estate of the above-captioned Debtor and is now qualified and acting as such Trustee.

3. Applicant is an attorney duly admitted to practice law before the bar of this Court and the courts of the State of New York.

4. This application is based upon the Trustee's examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code, a review of the Petition and Schedules, discussions had with the Debtors and the attorney representing the Debtors, inspection of real property of the Debtor located at 65 Mayberry Promenade, Staten Island, New York 10312, and a review of the documents thus far provided by the Debtors through their attorney.

5. From the above, it appears that, perhaps among other things, the Debtors own the property that has an approximate market value of $340,000.00 with no mortgages attaching to it; and one or both of the Debtors operate a business called NC Consulting with respect to which certain documents were provided and additional documents must be provided; and it appears that property was sold in Florida the disposition of whose sale proceeds needs to be traced; and it appears that the Debtors had some relationship with a business called Satuno, Inc.; and the Debtors had some relationship to and/or ownership in, at a website, etc.

6. Thus, I have reason to believe that the services of an attorney are required by me, at least, in connection with: securing an Order(s) under Federal Rule of Bankruptcy Procedure 2004, drafting applications and orders for the retention of other professionals, instituting a suit to turn over estate property, recovering a preference(s), recovering a fraudulent conveyance(s), recovering repayment on loans, recovering accounts receivable, selling a non-Debtor's interest in property also owned by the Debtor, recovering a post-petition transfer of property, selling various assets, selling the Trustee's equity interest in the Debtor's estate property, selling estate property, settling claims of the estate against the Debtor and/or others, objecting to discharge, revoking a discharge, and moving, as appropriate, to reduce, reclassify, and/or expunge a claim(s), and any preparation, discovery, litigation, and Court appearances necessary in connection therewith; however, further investigation and administration of the estate may yield additional, other reasons why the services of an attorney will be needed.

7. Applicant seeks a Court order authorizing retention of the Law Offices of Robert L. Geltzer pursuant to Section 327(a) and (d) of the United States Bankruptcy Code, as Attorney to the Trustee and believes the Law Offices of Robert L.

Geltzer to be qualified to act as such in connection with the administration of this estate, as Robert L. Geltzer has had substantial experience as an attorney in proceedings of this nature and is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

8. A trustee may retain himself to act as the trustee's attorney pursuant to Section 327(d) of the Bankruptcy Code, which states:

> The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

9. The Law Offices of Robert L. Geltzer and Robert L. Geltzer, Esq. neither represent nor hold any interest adverse to the Trustee or to the estate of this Debtor, and each is a disinterested party within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

10. The Law Offices of Robert L. Geltzer and Robert L. Geltzer, Esq. do not represent and have had no connection with the Debtor, its creditors or any other parties in interest or their respective attorneys, other than the Trustee in this case, or his attorneys and accountants, if any, in the matters upon which it is to be engaged.

11. The Law Offices of Robert L. Geltzer's retention as attorney, if approved, would enable the estate to be administered in an expeditious and economical fashion, which will be in the best interests of the estate, its creditors and other parties in interest.

12. The Trustee believes, and has been advised by the Law Offices of Robert L. Geltzer that:

    (a) Robert L. Geltzer is the person who will be primarily responsible for the file in this case;

(b) Robert L. Geltzer has represented in the accompanying affidavit that he has read and is generally familiar with the United States Bankruptcy Code with current amendments, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court; and

(c) Robert L. Geltzer is competent to represent the interests of the Trustee in all matters reasonably expected to come before the Court in this proceeding.

13. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** applicant respectfully prays for an order of this Court authorizing the Trustee to retain the Law Offices of Robert L. Geltzer to act as his Attorney in this proceeding under a general retainer, and that he be granted such other, further, and different relief as to this Court may seem just and proper.

Dated: August 27, 2012
       New York, New York

                                            /s/ Robert L. Geltzer
                                            Robert L. Geltzer (RG 4656)
                                            Chapter 7 Trustee
                                            1556 Third Avenue, Suite 505
                                            New York, New York 10128
                                            (212) 410-0100