# EXHIBIT "A"

# SCHEDULE OF DOCUMENTS

A. **DEFINITIONS**

1. The term Estella Brizinova and Edward Soshkin or (the "Debtors") refers to the Chapter 7 Debtors.

2. The terms "You", "you", "Your", and "your" refer to Estella Brizinova and Edward Soshkin.

3. The term "document" shall include every record of every type, financial and otherwise, including, but not limited to, any writings, correspondence, letters, telegrams, telexes, mailgrams, e-mails, memoranda (including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings), invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to (or to be read with) any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analyses and other data compilations from which information can be obtained or translated through detection devices into reasonably usable form and shall include, without limitation, the original and all non-identical copies thereof of all written, printed, typed, recorded, computerized or graphic material of any kind or description, including notes or preparatory material of any kind or description however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated,

duplicated, carbon or otherwise copied or produced in any other manner whatsoever, including material concerned with said document and every additional copy of such document where such copy contains any commentary, notation or change whatsoever that does not appear on the original or other copy of the document produced.

B.   **INSTRUCTIONS**

1.  In producing the documents requested herein, you are required to identify the documents produced according to the number of the request herein to which they are related.

2.  Each document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or expurgation.

3.  If any document is withheld by you under claims of privilege, you are requested to furnish a list signed by the person supervising the production of the documents called for, identifying each document for which the privilege is claimed, together with the following information with respect to each such document:  date, sender, addressee, number of pages, subject matter, the basis on which privilege is claimed, all persons to whom copies were furnished, together with their name, address, employer and job titles at the date such document was furnished and, if now different, then also their present employer, job title and present work or residence address.

4.  State whether any document requested has been destroyed or discarded, and for each such document destroyed or discarded:

(a)  Identify the author;

(b)  Identify all addressees, including all blind or indicated copies;

(c)  Identify each person who has seen it or been informed of its contents;

(d)  Identify all included and blind addressee(s);

(e) State the date or approximate date of its preparation;

(f) Set forth the subject matter of each document and describe the content of such document;

(g) Set forth the date of destruction or discard of such document, the manner of destruction or discard; and

(h) Identify any person authorizing or carrying out such destruction or discard.

5. This document request shall be deemed continuing, and you are required to produce, in the form of supplementary document production, any document requested herein that is unavailable to you at the time of this request, but that subsequently becomes available to you or to any of your attorneys, agents or representatives up to the conclusion of the proceedings herein.

6. Unless otherwise indicated, the documents requested herein are for the time period commencing stated in the Order and continuing to the present.

C. **DOCUMENTS TO BE PRODUCED**

Any and all documents of, and/or pertaining to, the Debtors, and to any business entities in which the Debtors have or had an ownership interest(s) including, without limitation, NC Consulting, Inc. for a period of six (6) years immediately preceding the filing of the petition, or for the shorter life of any such entities within the 6 years immediately prior to the filing of the petition including, without limitation, invoices, bank statements, statements of accounts receivable and payable, periodic credit card statements, bills, fronts and backs of cancelled checks, ledgers, sales register tapes, passwords for computers, worksheets, work papers, notes, manual records, tax returns, investment, brokerage and retirement accounts statements and 401(k) account

statements, insurance policies, documents reflecting the Debtor's interests in other businesses and real estate, loan documents regarding any loans to and/or from related entities and their officers and directors and friends and relatives of Debtor, bank deposit slips, copies of checks received, back-up tapes and/or disks, contracts, agreements, lists of inventory, and/or any other fixed assets, lists of major customers and suppliers, any papers and/or pleadings related to legal actions, correspondence, memoranda, etc., and any and all documents relating to any transactions between and/or among the Debtors and any insider(s) of the Debtors, as that term is defined in the Bankruptcy Code.