# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re                                                                                    **Chapter 7**

**ESTELLA BRIZINOVA and EDWARD SOSHKIN**                Case No. 12-42935 (ESS)
**a/k/a EDUARD SOSHKIN**,

                                Debtors.

------------------------------------------------------------------------x

## SUBPOENA IN A BANKRUPTCY CASE

| To: | Edward Soshkin<br>65 Mayberry Promenade<br>Staten Island, NY 10312 | |

**YOU ARE COMMANDED** to appear to testify at the place, date, and time specified below to testify at the taking of a deposition in the above proceeding.

| Address: | Law Offices of Robert L. Geltzer<br>1556 Third Avenue, Suite 505<br>New York, New York 10128 | Floor: 5 |
| --- | --- | --- |
| | | Date and Time: November 19, 2012 at 4:00 P.M. |

YOU ARE ALSO COMMANDED TO produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

By October 19, 2012 at 10:00 A.M.
Law Offices of Robert L. Geltzer
1556 Third Avenue, Suite 505
New York, New York 10128

Any and all documents of, and/or pertaining to, the Debtors, and to any business entities in which the Debtors have or had an ownership interest(s) including, without limitation, NC Consulting, Inc. for a period of six (6) years immediately preceding the filing of the petition, or for the shorter life of any such entities within the 6 years immediately prior to the filing of the petition including, without limitation, invoices, bank statements, statements of accounts receivable and payable, periodic credit card statements, bills, fronts and backs of cancelled checks, ledgers, sales register tapes, passwords for computers, worksheets, work papers, notes, manual records, tax returns, investment, brokerage and retirement accounts statements and 401(k) account statements, insurance policies, documents reflecting the Debtor's interests in other businesses and real estate, loan documents regarding any loans to and/or from related entities and their officers and directors and friends and relatives of Debtor, bank deposit slips, copies of checks received, back-up tapes and/or disks, contracts, agreements, lists of inventory, and/or any other fixed assets, lists of major customers and suppliers, any papers and/or pleadings related to legal actions, correspondence, memoranda, etc., and any and all documents relating to any transactions between and/or among the Debtors and any insider(s) of the Debtors, as that term is defined in the Bankruptcy Code.

Any subpoenaed organization not a party to this action is directed pursuant to Federal Rule of Civil Procedure 30(b)(6), to file a designation with the court specifying one or more officers, directors, managing agents or other persons who consent to testify on its behalf, and to set forth for each person designated, the matters on which each person will testify, and which documents or objects each person will produce. The persons so designated shall testify as to matters known or reasonably available to the organization. Fed.R. Civ.P. 30(b)(6) is made applicable in adversary proceedings by Rule 7030, Fed.R. Bank P.

| Issuing Officer Signature and Title: | /s/ Robert L. Geltzer |
| --- | --- |
| | Attorneys for Chapter 7 Trustee |

Issuing Officer's Name, Address and Phone Number:
    Robert L. Geltzer, Esq.
    Law Offices of Robert L. Geltzer
    1556 Third Avenue, Suite 505
    New York, New York 10128
    (212) 410-0100

Rule 45, Fed. R. Civ. P., Parts (c) and (d) made
Applicable in cases under the Bankruptcy
Code by Rule 9016, Fed. R. Bankr. P.

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing on trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

(B)     If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.