Carley and Lust Attorneys At Law, PLLC
22 Cortland Street, Suite 1625
New York, NY 10007
Tel:  212-960-3775
*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Chapter 7
In Re                                                                                   Case No: 1-12-42935 (ESS)

ESTELLA BRIZINOVA and EDWARD SOSHKIN

                Debtors.
------------------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN MOTION TO COMPEL THE TRUSTEE TO ABANDON DEBTORS' PROPERTY

Estella Brizinova and Edward Soshkin ("Movants" or "Debtors") by and through their attorneys, as and for the instant application set forth as follows:

1)   On April 24, 2012, Debtors filed their voluntary Chapter 7 petition (Docket entry #1), which schedules were subsequently amended on June 11, 2012 (Docket entry #10). Although the creditors' meeting was never closed, the Debtors were discharged on July 24, 2012 (Docket entry #13).

2)   Prior to filing their petition, the Debtors employed services of a reputable independent appraisal firm known as East Coast Appraisal Service, located at 50 Court Street, Brooklyn, New York to appraise their homestead and primary residence at an address known as 65 Mayberry Promenade, Staten Island, New York, 10312 ("The Property").

3)   After careful on-site examination of The Property, East Coast Appraisal Service appraised it at $260,000.00 and provided a detailed report substantiating the reasoning for such a valuation, which is attached as Exhibit "A".

4)   On Schedule C of their amended petition, the Debtors, who are both on the unencumbered deed to The Property, claimed their full respective homestead exemptions for a total of $300,000.00.

5) Subsequently to the first meeting of the creditors, the Trustee requested his own appraisal of The Property by M.Y.C. Associates. Mr. Marc Yaverbaum, from M.Y.C. also conducted an on-site inspection of The Property, but did not furnish a report, although he mentioned that the same will be provided to Trustee Robert Geltzer.

6) At a later date, the Trustee mentioned that Mr. Yaverbaum appraised The Property at $340,000.00, but did not provide any report or written materials to substantiate this number.

7) Despite numerous requests via telephone, and via letters sent to the Trustee on June 22, 2012 and August 9, 2012 (See Exhibit "B"), the Trustee provided no documentation with regard to the claimed $340,000.00 value of The Property.

8) Assuming, *arguendo,* that the property is actually valued at $340,000.00, which it is not, the amount of recovery is limited to $40,000.00 as a result of two homestead exemptions that are rightfully and lawfully claimed by the Debtors. Therefore, the amount creditors can possibly recover, after expenses, will be astronomically minute, if existent at all.

9) It is therefore respectfully submitted that the property is exempt, and either of no value to the estate, or of an inconsequential value, and therefore, the Trustee should abandon it in favor of the Debtors.

WHEREFORE, Movants respectfully request that the Trustee abandon their homestead residence property located at 65 Mayberry Promenade, Staten Island, New York, 10312, and grant any other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 20, 2012

_____

Carley & Lust Attorneys at law PLLC.
By: Roman Leonov, of counsel
22 Cortlandt Street, 16th Floor
New York, NY 10007
212-518-1503 - direct