| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------<br>In Re:<br><br>**ESTELLA BRIZINOVA** and<br>**EDWARD SOSHKIN** a/k/a<br>**EDUARD SOSHKIN,**<br><br>                              Debtors.<br>------------------------------------------------------- | 13-3589448<br><br><br><br><br>Chapter 7<br><br>Case No. 12-42935 (ESS) |

### TRUSTEE'S AFFIRMATION IN OPPOSITION TO
### DEBTORS' MOTION TO COMPEL THE CHAPTER 7 TRUSTEE
### TO ABANDON REAL PROPERTY

1. I am an attorney duly admitted to practice law before all the Courts of the State of New York and the Federal District Courts and Bankruptcy Courts in the Southern and Eastern Districts of New York, and affirm under penalty of perjury the following to be true based on my information and belief.

2. On March 24, 2012 (the "Petition Date"), Estella Brizinova and Edward Soshkin, the debtors (the "Debtors"), commenced this Chapter 7 case by the filing of a voluntary petition.

3. I was appointed as Interim Trustee on or about March 24, 2012, duly qualified, and became permanent trustee (the "Trustee") as a matter of law, and am acting as such.

4. On or about September 21, 2012 the Debtors filed a Motion (the "Motion") to Compel Chapter 7 Trustee to Abandon Property located at 65 Mayberry Promenade, Staten Island, New York (the "Property").

5. This affirmation is made in opposition to the Motion.

6. Section 554(b) of the Bankruptcy Codes provides that:

> On request of a party in interest and after notice and a
> hearing, the court may order the trustee to abandon
> any property of the estate that is burdensome to the

        estate or that is of inconsequential value and benefit
to the estate.

7.    In the instant case, the Property is not of inconsequential value and benefit to the estate. According to my intended Court-appointed real estate broker, as of July 2012, similar properties in the immediate area of the Property were recently sold in the range of $325,000.00 to $340,000.00. Additionally, the New York City Department of Finance assessed the Property, as of February 28, 2012, with a market value of $477,000.00. Further, as of October 12, 2012, zillow.com estimates the value of the Property at $408,153.00. Copies of those valuations are annexed hereto as Exhibit "A."

8.    Albeit the Debtors provided an appraisal of the Property for $260,000.00, not only is that appraisal from December 6, 2011, but it states that: "[t]here are resales of bank-seized properties [REO's] and short sales that are determining property values" and, moreover, the Debtors' appraisal states that that analysis is with respect to what the Property "itself would sell for as of the date of the valuation" - - the valuation has an effective date of December 6, 2011.

9.    Further, there is an issue concerning the Debtors' claimed homestead exemption in the amount of $300,000.00. In *In re Hager*, 74 B.R. 198, 201 (Bankr. N.D.N.Y. 1987 *aff'd*, 90 B.R. 584 (N.D.N.Y.), the debtor's home housed a chiropractic business. The court found that roughly 13% of the debtor's home was used as an office space and, thus, that space could not be claimed as exempt under the homestead exemption. Similarly, in the instant case, the Debtors operate a business,

ENSI Consulting, Inc., at the Property since 2006[1]. Thus, it appears that the Debtors may not be entitled to claim a homestead exemption in the full amount of $300,000.00.

10. The Debtors' case is approximately six months old. Pursuant to this Court's Bankruptcy Rule 2004 Order, dated October 4, 2012, the Debtors were directed to appear at my office on November 19, 2012 for examination. The alacrity with which the Debtors move to compel my abandonment of the Property suggests that there may be value in the Property for the benefit of creditors. Certainly, no abandonment should be granted until I have had the opportunity to conduct that examination.

11. Indeed, it seems that creditors' interests would be better served were the Court to deny the Motion, and permit me, as Chapter 7 Trustee, to continue to investigate the Property in connection with my administration of the Debtors' estate.

WHEREFORE, it is respectfully requested that (a) the Motion be denied; and (b) affirmant be awarded attorney's fees and costs, along with any other relief, this Court deems just and equitable.

Dated:    New York, New York
          October 15, 2012

                                        /s/ Robert L. Geltzer
                                        Robert L. Geltzer (RG 4656)
                                        Chapter 7 Trustee
                                        1556 Third Avenue, Suite 505
                                        New York, New York  10128
                                        (212) 410-0100

---

[1] That is based on the Debtors' 2006 tax returns. The Trustee has not received and/or reviewed any documents prior to 2006.