Carley and Lust Attorneys At Law, PLLC
22 Cortland Street, Suite 1625
New York, NY 10007
Tel: 212-960-3775
*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X  Chapter 7

In Re                                                               Case No: 1-12-42935 (ESS)

ESTELLA BRIZINOVA and EDWARD SOSHKIN

                Debtors.

------------------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN MOTION TO VACATE OR MODIFY THE ORDER DIRECTING RULE 2004 EXAMINATION, AND TO QUASH THE TRUSTEE'S SUBPOENA

Estella Brizinova and Edward Soshkin ("Movants" or "Debtors") by and through their attorneys, as and for the instant application set forth as follows:

1)      The Debtors filed their voluntary petition on April 24, 2012 (Docket Entry #1).

2)      After the first meeting of the creditors, the Debtors were discharged on July 24, 2012 (Docket Entry #13).

3)      Trustee took issue with assets and the homestead property, and ordered a separate examination by his own appointed appraisal.

4)      Despite Debtors' compliance and consistent attempts of lead counsel to attain the appraisal report via letters (see Exhibit "A"), the Trustee failed to respond with an appraisal report.

5)      With no ability to resolve the issues outside of Court, the Debtors filed a motion to abandon property based on an independent appraisal report on September 24, 2012. (Docket Entry #24).

6)      Instead of addressing issues raised in the motion, and responding to the requests set forth in good faith by lead counsel, the trustee issued a subpoena, pursuant to Rule 45 of the Federal

Rules of Civil Procedure, seeking further discovery. (See Exhibit "B"), to which the Debtors timely objected (Exhibit "C").

7) The motion to abandon is a contested matter, which nullifies the Rule 2004 applicability, and affords the Debtors protections under FRCP § 45, which are otherwise unavailable under Bankruptcy Rule 2004.

8) Courts held that "contested matter[s] which, under Bankruptcy Rule 9014, make Rule 26(b)(4)(B) applicable." *See* In Re GHR Energy Corp, 33 BR 451 (BR Mass. 1983), citing to In re Foerst, 93 F. 190, (SDNY. 1899), stating that "It is clear that the scope of a Rule 2004 examination is unfettered and broad. "In general, a large latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealings, or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor . . . . The examination . . . . is of necessity to a considerable extent a fishing expedition."

9) To alleviate a crafty attempt to deny the above, the Court's attention is respectfully directed to Exhibit "B", where the Trustee bases the motion on FRCP § 45, and to Docket Entry #27, wherein he opposes the Debtors' motion, making the abandonment issue an undeniable matter of contest.

10) The Movant Debtors therefore request that the Rule 2004 examination order be vacated in its entirety, or at the very least, modify to exclude deposition questions regarding the homestead residence, and quash the subpoena to exclude such testimony.

WHEREFORE, Movants respectfully request that the order directing the Rule 2004 examination be vacated in part, or in entirety, the trustee's subpoena be quashed, and ask the Court to grant any other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 25, 2012

_____

The Law Offices of Irina Lust, PLLC
By: Roman Leonov, of counsel
22 Cortlandt Street, 16th Floor
New York, NY 10007
212-518-1503 - direct