The Law offices of Irina Lust, PLLC
22 Cortland Street, Suite 1625
New York, NY 10007
Tel: 212-960-3775
*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Chapter 7
In Re                                                                                  Case No: 1-12-42935 (ESS)

ESTELLA BRIZINOVA and EDWARD SOSHKIN

        Debtors.
------------------------------------------------------------------X

**REPLY TO TRUSTEE'S AFFIRMATION IN OPPOSITION TO DEBTORS' MOTION TO COMPEL ABANDONMENT OF PROPERTY**

    Estella Brizinova and Edward Soshkin ("Movants" or "Debtors") by and through their attorneys, as and for their reply to opposition and further support of the instant application set forth as follows:

    1)    Respectfully, the Trustee's opposition is devoid of logic, and unfounded due to underlying facts

    2)    First, the Trustee mentions a "Court-appointed real estate broker" (Trustee aff ¶7). This is not the case, as the appraisal of the property was done by Mr. Marc P. Yaverbaum of MYC & Associates, Inc. Mr. Yaverbaum was hired as an appraiser, and not a "real estate broker".

    3)    Second, the Trustee attaches nothing other than an email from Victor Moneypenny of MYC & Associates in lieu of an appraisal report. In his email, Mr. Moneypenny claims that he "researched, evaluated and inspected" the property. This is simply not true, because it was Mr. Yaverbaum that actually and physically inspected the property in question and even left a business card with the Debtors (Exhibit "A").

    4)    Third, the email clearly shows that the Trustee received it on July 3, 2012. Despite good-faith attempts by Irina Lust, Esq. to obtain even a scintilla of evidence in an effort to amicably

and expeditiously resolve the appraisal issue, this e-mail miraculously surfaced as an Exhibit to the Trustee's opposition, while it in the Trustee's possession for several months. (See Exhibit "B" to the Debtors' application showing that Mrs. Lust requested the appraisal on June 21, 2012, and August 9, 2012.).

5) Fourth, the Trustee attacks the Debtors' detailed report performed by reputable East Coast Appraisals via a mere email of an individual who did not inspect the property, by a printout from the New York Department of Finance, a Zillow web-site evaluation, and a specious statements hinting that the appraisal should be ignored because it dates to 2011.

6) Such arguments are preposterous because a) Mr. Moneypenny did not inspect the property, while the Debtors' independent appraisal did, b) the Department of Finance makes its evaluations based on tax assessment records, and not actual home values, c) a zillow printout is inadmissible, especially considering a detailed report from a reputable independent appraisal, and d) property values declined from 2011 until now, and have not increased whatsoever.

7) All these factors do not take into account economic realities of the Debtors' home. For example, , the Debtors' house is the only house on the street that does not even have a front entrance to it.

8) Fifth, it is disingenuous that the Trustee relies on a 2006 tax return to claim that there is a business located on the premises (Trustee aff¶9), yet elects to discredit an appraisal less than one year from its production.

9) Sixth, the Trustee's opposition is contrary to his own statements, wherein it was first disclosed that the property was worth $340,000.00, the attached e-mail states that it is worth in the "$325,000.00 to $340,000.00 range", and thereafter the Trustee tries to throw everything but the kitchen sink at the value, by trying to diminish Debtors' homestead exemption because they allegedly "operate a business, ENSI Consulting Inc., at the Property since 2006" (Trustee Aff¶9).

10) This Court's attention is respectfully directed to the appraisal report attached as Exhibit "A" to the Debtors' instant application, which provides sufficient details, in writing and via photographs, clearly showing no business operations at the premises.

11) What the Trustee found was simply a printout of the department of state division of corporations showing that the address is the "process address" for ENSI Consulting Inc. (Exhibit "B"). A process address is simply a mailing address, and not a place of business operation.

12) Seventh, the creditors' interests will not be better served were the Court to deny this motion. In fact, had the Trustee responded with an appraisal report, this entire application could have been avoided by simply asking the Court to direct a third, separate appraisal of the property, rather than spend time on litigating this issue through an evidentiary hearing, which is now inevitable absent an amicable resolution between the Debtors and the Trustee.

13) The Trustee then somehow makes a connection between the home value and the 2004 examination, attempting to circumvent the Court's involvement in the instant application, by trying to adjourn the application until after the 2004 examination. This should not be entertained, since the Debtors are not experts in home valuations, and neither the 2004 examination, nor any other form of deposition, would elicit testimony from the Debtors regarding home value that would be fruitful to the Court as evidence.

14) The same is true regarding the trustee's attempt to label this motion as Debtors' knowledge of any value (Trustee's aff ¶10). The Debtors had the appraisal done before they file the petition in order to claim the exemption properly. They also asked, through counsel, for the Trustees basis for his claim that the property was appraised by Mr. yaverbaum at $340,000.00. After being unable to receive any response from the trustee, the instant application was filed.

15) While it is true that the timing of this motion correlates to the 2004 order, there is nothing the Debtors' could have done other than file this application, that would have protected their rights under applicable law.

WHEREFORE, Movants respectfully request that the Trustee abandon their homestead residence property located at 65 Mayberry Promenade, Staten Island, New York, 10312, and grant any other and further relief as this Court deems just and proper.

Dated: New York, New York
October 24, 2012

_____

By: Roman Leonov, of counsel
22 Cortlandt Street, 16th Floor
New York, NY 10007
212-518-1503 - direct