The Law Offices of Irina Lust, PLLC
22 Cortlandt Street, Suite 1625
New York, NY 10007
Tel: 212-960-3775
*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Chapter 7
In Re                                                                                 Case No: 1-12-42935 (ESS)

ESTELLA BRIZINOVA and EDWARD SOSHKIN

                Debtors.
------------------------------------------------------------------X

## SUPPLEMENTAL AFFIRMATION IN SUPPORT OF MOTION TO COMPEL THE TRUSTEE TO ABANDON DEBTORS' PROPERTY

      1)      I am an attorney admitted to practice before this Honorable Court, and am of counsel to Irina Lust, attorney for the above mentioned Debtors. As such, I am familiar with the circumstances and facts of this action.

      2)      On September 21, 2012, Debtors filed a motion to compel abandonment of their homestead property (Docket entry #21), which the Trustee opposed on October 17, 2012 (Docket entry #27). In substance, the Trustee opposes the motion on two grounds.

      3)      First, by way of a one page e-mail from Victor Moneypenny[1], an appraiser at MYC & Associates, which states:

> "After researching the Property, and comparing it with similar properties recently sold in the immediate area within the past six (6) months, I value the Property to be in the $325,000.00 to $340,000.00 range"
> (Exhibit "A" to Trustee's opposition).

      4)      Second, the Trustee attacks Debtors' eligibility to the full homestead exemption of $300,000.00 "based on 2006 tax returns (footnote 1 of the Trustee's opposition) because the Debtors allegedly "operate a business, ENSI Consulting, Inc. at the Property" (Trustee's opposition ¶9).

---

[1] As already mentioned in the reply, while this individual states that he "inspected" the property, it was another appraiser that actually made the inspection.

5) Beginning on the evening of October 28, 2012, and continuing through October 30, 2012, the New York metro-area was hit by a major category 1 hurricane named "Sandy". As a precautionary matter, the Mayor and other officials designated certain dangerous areas as Zones A, B, and C, ranging from those with the most danger to the least, respectively. Those living in Zone A were given mandatory evacuation orders due to grave danger.

6) The Debtors reside at 65 Mayberry Promenade, Staten Island, New York, 10312, which is an area right by the water, and was designated as mandatory evacuation Zone A. (See Exhibit "A"). As soon as the Debtors were able to make brief contact with the undersigned after the storm, they immediately explained that their area was destroyed, and that they took some pictures of the damage.

7) Exhibit "B" shows some images of the Debtors' immediate area before the hurricane, while Exhibit "C" contains photographs taken thereafter. Without a doubt, a brief examination of destruction depicted in Exhibit "C" reveals the damage suffered by properties, roads, and general infrastructure of the area.

8) Assuming, arguendo, that the Trustee's appraiser is correct, and that the Debtors home was correctly valued at $340,000.00, there is no possible way it is worth anywhere close to this number now. A mid-range value between the Debtors' appraiser's value of $260,000.00, and the Trustee's $340,000.00, is $300,000.00, which is properly exempt in its entirety. The Trustee's opposition to this point is moot due to two facts:

9) First, as already explained in the reply, the ENSI Consulting Inc. address of 65 Mayberry Promenade is nothing more than an service of process address. Further investigation shows that the ENSI Consulting, Inc. business is located at 28 Van Street, in Staten Island, New York (Exhibit "D"). Besides, the current condition of roads, and lack of transportation to the Mayberry Promenade area, would result in demise of any business due to lack of ability to service customers. Therefore, no business ever operated at the homestead residence and now, no business can operate at the Mayberry Promenade address.

10) Second, if a realistic post-storm valuation is given credit instead of the $340,000.00 fantasy assumption above, the value is likely to be less than $300,000.00. Even if the Trustee is somehow able to deduct a portion of Debtors' homestead exemption, realities of sale cost, and buyers reluctance to purchase in a flood-prone area after a recent hurricane will leave nothing for the creditors.

11) Consequently, it is respectfully submitted that there is now undeniable evidence of lower property value, and more concrete evidence regarding Trustee's incorrect assumption about business operations, and as a result, the Trustee should abandon the Debtors' homestead property.

WHEREFORE, Debtors respectfully request that the Trustee abandon their homestead residence property located at 65 Mayberry Promenade, Staten Island, New York, 10312, and grant any other and further relief as this Court deems just and proper.

Dated: New York, New York
November 12, 2012

_____
The law offices of Irina Lust, PLLC.
By: Roman Leonov, of counsel
22 Cortlandt Street, 16th Floor
New York, NY 10007
212-518-1503 - direct